# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON M. D'HAENENS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:11-cv-01432-GMN-GWF |
| | ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION for GUARANTEED REMIC PASS-THROUGH CERTIFICATES FANNIE MAE REMIC TRUST 2006-2; RECONTRUST COMPANY, N.A.; and DOES individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive, | ) **ORDER** |
| | ) |
| Defendants. | ) |

This is a mortgage foreclosure case filed by *pro se* Plaintiff Brandon M. D'Haenens against Defendants Federal National Mortgage Association for Guaranteed Remic Pass-Through Certificates Fannie Mae Remic Trust 2006-2 ("Fannie Mae") and ReconTrust Company, N.A. ("ReconTrust").

Six motions are currently pending before the Court: Plaintiff's Motion for Preliminary Injunction (ECF No. 7), originally filed in state court; Defendants' Motion to Dismiss (ECF No. 4); Defendants' Motion to Expunge Lis Pendens (ECF No. 6); Plaintiff's Motion to Remand to State Court (ECF No. 13); Plaintiff's Motion to Stay Litigation (ECF No. 14); and Plaintiff's Motion for Declaratory Relief (ECF No. 35).

For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss and Motion to Expunge Lis Pendens, and will deny Plaintiff's Motion for Preliminary Injunction, Motion to Remand to State Court, Motion to Stay Litigation, and Motion for Declaratory Relief.

## I. BACKGROUND

In 2006, Plaintiff and Severn Bizzaro, a non-party to this action, executed a Note and Deed of Trust as joint tenants for the property located at 609 North Los Feliz Street, Las Vegas, Nevada, 89110 ("the property"). Plaintiff subsequently went into default on his mortgage payments and foreclosure proceedings were initiated against him.

This is the third action Plaintiff has filed relating to the mortgage and foreclosure proceedings on his property. *See D'Haenens v. Bank of America*, No. 2:10-cv-00570-GMN-LRL (D. Nev. 2010); *D'Haenens v. Bank of America*, No. 2:11-cv-00842-PMP-PAL (D. Nev. 2011).

Plaintiff's first action against Bank of America, N.A., BAC Home Loans Servicing, LP, ReconTrust Company, N.A., MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc., was remanded to state court. *D'Haenens v. Bank of America*, No. 2:10-cv-00570-GMN-LRL (D. Nev. Oct. 1, 2010). On December 16, 2010, the state court dismissed Plaintiff's action with prejudice when Plaintiff did not file an opposition to Defendants' motion to dismiss. (*See* Ex. E to Defs.' Mot. to Dismiss, ECF No. 4.) There is no documentation before the Court to indicate that Plaintiff appealed or otherwise pursued the litigation in that action. Plaintiff's second action against Bank of America, N.A., BAC Home Loan Servicing, LP, and ReconTrust Company, N.A., was dismissed on the basis of res judicata. *D'Haenens v. Bank of America*, No. 2:11-cv-00842-PMP-PAL (D. Nev. June 28, 2011).

Here, Plaintiff has filed suit against ReconTrust, which was a party to the two previous actions, and also against Fannie Mae, alleging ten causes of action: (1) declaratory relief; (2) negligence; (3) wrongful foreclosure; (4) breach of covenant of good faith and fair dealing; (5) statutorily defective foreclosure; (6) misrepresentation; (7) detrimental reliance; (8) intentional interference of contract relations; (9) Fair Debt Collection Practices Act; and (10) rescission. In the Complaint, Plaintiff makes no allegations referencing Fannie Mae individually as a Defendant.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*,

798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.  DISCUSSION

As with his other filings, Plaintiff's Motion to Remand (ECF No. 13) appears to be a form or a cut-and-paste motion, with no specific grounds for remand in this action.  The Court finds that it has jurisdiction based on diversity, and will therefore deny the motion to remand.

In Nevada, claim preclusion applies to all grounds of recovery that were or could have been brought in the first case. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008). A three-part test is used to determine whether the rule of claim preclusion should apply: (1) the parties or their privies are the same; (2) the final judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *Id*.

Here, the Court finds that Plaintiff's action must necessarily be dismissed against Defendant ReconTrust on the basis of res judicata.  Also, the Court finds that the action may be dismissed against Defendant Fannie Mae on the basis of claim preclusion.  The final judgment before the state court was valid and with prejudice.  As Trustee for Plaintiff's mortgage, Fannie Mae is in privity with the Defendants in Plaintiff's prior actions, since all three actions relate to

the same property and to the same foreclosure proceedings. And finally, the Court finds that this action is based on either the same claims or parts of the former claims that were or could have been brought in the first case. Accordingly, the Complaint will be dismissed with prejudice and the Court will order the lis pendens expunged.

For the reasons discussed above, the Court finds that Plaintiff's remaining motions have no merit or are moot, and will therefore be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court (ECF No. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 4) is **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendants' Motion to Expunge Lis Pendens (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Litigation (ECF No. 14) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Relief (ECF No. 35) is **DENIED**.

DATED this 6th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge