## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON M. D'HAENENS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-01432-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the "Motion for District Judge to Reconsider Order Dated on June 5, 2012 re (Doc#42)" ("Motion to Reconsider") filed by *pro se* Plaintiff Brandon M. D'Haenens. (ECF No. 43.) Defendants ReconTrust Company, N.A. ("ReconTrust") and Federal National Mortgage Association ("Fannie Mae") filed a response in opposition (ECF No. 44), and Plaintiff filed a Reply (ECF No. 45).

**I.   BACKGROUND**

On June 5, 2012, the Court entered an Order dismissing Plaintiff's Complaint and closing the case on the basis of res judicata and claim preclusion, citing two previous actions filed by Plaintiff relating to the mortgage and foreclosure proceedings.[1] (Order, June 5, 2012, ECF No. 41.) On the same day, the Clerk of the Court entered judgment for Defendants and against Plaintiff pursuant to the Court's Order. (ECF No. 42.) Plaintiff filed the instant Motion to Rconsider on June 15, 2012, requesting reconsideration of the Court's Order dismissing the Complaint without leave to amend.

---

[1] Those proceedings were: *D'Haenens v. Bank of America*, No. 2:10-cv-00570-GMN-LRL (D. Nev. 2010); *D'Haenens v. Bank of America*, No. 2:11-cv-00842-PMP-PAL (D. Nev. 2011).

Page 1 of 3

## II. LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure governs relief from a judgment or order:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263.

## III. DISCUSSION

As stated in the Court's previous Order – generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Futility of amendment is one basis on which leave to amend may be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Where an action is dismissed on the basis of res judicata and claim preclusion, any amendment is necessarily futile, since curing this deficiency is not possible by definition. Accordingly, because the Court dismissed Plaintiff's complaint on this basis, granting leave to amend would be futile, and the instant motion to reconsider must be denied. Having considered the briefs of the parties, including Defendants' correct arguments as to the applicability of Nevada statutes,

the Court finds no other basis on which to grant leave to amend.  Plaintiff is free to file any action that would not be barred by claim preclusion or res judicata, to allege claims apart from the claims brought here.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 43) is **DENIED**.

**DATED** this 28th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge